## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Willie Hockaday

v.

Leazer Pump and
Well Co., Inc.

May 6, 1961

BY JUDGE JOHN D. BUTZNER, JR.

The plaintiff, Willie Hockaday, filed a motion for judgment against the defendant, Leazer Pump and Well Co., Inc., alleging that on or about November 12, 1958, he was injured by employees of the defendant while he was connecting a pipe.

To the motion for judgment, the defendant filed a special plea challenging the jurisdiction of the court on the ground that the exclusive remedy of the plaintiff was before the Industrial Commission of Virginia under the Workmen's Compensation Act.

The case was set down for hearing on the plea. The evidence disclosed that George T. Waite was the president and principal stockholder of the Spotsylvania Water Company, Inc., which was engaged in furnishing water to a subdivision in Spotsylvania County. Spotsylvania Water Co., Inc., had no employees.

Mr. Waite was also president and a stockholder of the Waite Lumber Company. From time to time, employees of the Waite Lumber Company were instructed by Mr. Waite to read the meters of the Spotsylvania Water Co., Inc., and in case of emergency, to haul water for its customers. On these occasions, Spotsylvania Water Co., Inc., paid Waite Lumber Company for the services rendered, and Waite Lumber Company paid its employees who had performed the work. It appears to have been through this informal arrangement that Spotsylvania Water Co., Inc., was able to operate without any employees on its payroll.

On the night before the accident, Mr. Waite called Mr. H. F. Leazer, an officer of the defendant, and told him that an emergency had arisen and work had to be done immediately on a well owned by Spotsylvania Water Co., Inc. Mr. Leazer replied that he did not have enough men available to do the job. Mr. Waite insisted that the defendant start the job the next day and that he would send some help.

In accordance with this arrangement, Mr. Waite sent Willie Hockaday, the plaintiff, who was an employee of the Waite Lumber Company, and another employee to assist the defendant with the work on the well.

During the course of the work, the plaintiff was injured by the alleged negligence of one of the defendant's employees. The accident was reported to the Industrial Commission, and the plaintiff as an employee of Waite Lumber Co., Inc., was paid $741.11 by the Bituminous Casualty Company, the insurance carrier of the Waite Lumber Company.

On this particular occasion, the same practice was followed with regard to the billing arrangement between the two companies. Spotsylvania Water Co., Inc., paid Waite Lumber Company for the work done by Hockaday and the other Waite Lumber Company employee.

A certified copy of the charter of Spotsylvania Water Co., Inc., was introduced as defendant's Exhibit 1. From the Charter and from the testimony, the Court finds that at the time of the accident, the Spotsylvania Water Company, Inc., as owner, undertook to perform work which was a part of its business by contracting with a "sub-contractor" within the meaning of § 65-26, Code of Virginia, 1950.

The special plea thus raises the question of whether Hockaday's rights under the act exclude all others pursuant to § 65-37 of the Code of Virginia, 1950. Stated conversely, the special plea raises the question of whether Leazer Pump and Well Co., Inc., was an "other party" within the meaning of § 65-38, Code of Virginia, 1950, which Hockaday might sue by a common law action.

Waite Lumber Company and Leazer Pump and Well Co., Inc., were subject to the Workmen's Compensation Act and carried insurance. On behalf of Hockaday, it is contended that since Spotsylvania Water Co., Inc., had no employees and carried no insurance, it was not subject to the Act.

Hockaday contends that he was a loaned employee to Spotsylvania Water Co., Inc., and in its employ at the time of the accident. He further contends that there was no compensation insurance covering him at the time of the accident, and therefore, he can sue Leazer Pump and Well Co., Inc. The difficulty with this contention is three-fold.

First, the accident was reported to the Industrial Commission. Hockaday, as an employee of Waite Lumber Company, received and accepted full

compensation under the Act. The award of the Industrial Commission created an estoppel by judgment. *Sykes v. Stone and Webster Engineering Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947). Hockaday's status as an employee of Waite Lumber Company was determined by a competent tribunal.

Second, the evidence does not support his contention that he was a loaned employee. He was sent by Mr. Waite as an employee of the Waite Lumber Company to assist Leazer Pump and Well Co., Inc., make repairs on the well of the Spotsylvania Water Co., Inc. After he was sent, no official of the Spotsylvania Water Co., Inc., directed or controlled his activities and work in any way. In fact, the evidence did not disclose that any official of the Spotsylvania Water Co., Inc., was on the scene. The situation, therefore, is quite different from that which was presented in *Coker v. Gunter*, 191 Va. 747, 63 S.E.2d 15 (1951).

Third, it should be remembered that at the time of the accident, the employees of Leazer Pump and Well Co., Inc., and Hockaday were engaged in work which was a part of the business of the owner, Spotsylvania Water Company, Inc. Under § 65-26, Code of Virginia, 1950, neither was a stranger to the employment and the work. All of the employees on the job were thus statutory fellow servants or co-employees. They cannot sue each other nor can they sue the principal of the alleged negligent employees. Under these circumstances, an employee of the owner cannot maintain an action against a "sub-contractor." *Williams v. Gresham Co.*, 201 Va. 457, 111 S.E.2d 498 (1959). The Court perceives no reason why the same rule should not apply to an employee loaned to the owner.

The fact that Spotsylvania Water Co., Inc., had no employees of its own does not preclude the application of § 65-26, Code of Virginia, 1950. *Anderson v. Construction Co.*, 201 Va. 266, 110 S.E.2d 396 (1959).

The plaintiff contends that the cases mentioned above are inapplicable because the owner, Spotsylvania Water Co., Inc., carried no insurance. No case has been cited as authority for this distinction. Regardless of the merit of this proposition, it appears to be inapplicable to the situation presented in this case. Hockaday was afforded and accepted full protection under the Act.

The defendant contends that Hockaday was an employee of Waite Lumber Company and that this company was an independent contractor on the job.

The defendant has suggested that if Hockaday were a loaned employee, he was loaned to Leazer Pump and Well Co., Inc. This relationship, however, was not alleged in the special plea.

The Court deems it unnecessary to decide whether Waite Lumber Company was an independent contractor employing Hockaday or whether Hockaday was loaned to Leazer Pump and Well Co., Inc. In either event, his

sole remedy would be under the Act. *Anderson v. Construction Co.*, 201 Va. 266, 110 S.E.2d 396 (1959) (independent contractor); *Coker v. Gunter*, 191 Va. 747, 63 S.E.2d 15 (1951) (loaned employee).

The Court holds that the plaintiff's remedy under the Workmen's Compensation Act excludes his right to maintain the present action. The plea, therefore, will be sustained and the case dismissed.