818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lee Roy VESS, Jr., Administrator of the Estate of Ronald W.
Lewis, Jr,, Joyce E. Levis, Administratrix of the
Estate of Ronald W. Lewis, Jr., Appellants,
v.
DAVIS ELECTRICAL CONSTRUCTORS, INC., Appellee.
 No. 85-1844.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1987.
Decided April 30, 1987.
 
 Before RUSSELL and WILKINS, Circuit Judges, and TIMBERS, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.
 William A. Parks, Jr. (Parks & Vaught, P.C., on brief), for appellants.
 William B. Poff (D. Stan Barnhill; Woods, Rogers & Hazelgrove, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The plaintiffs, administrators of the estate of Ronald W. Lewis, Jr., are appealing the district court's ruling that their tort action against Davis Electrical Constructors, Inc. (Davis) is barred by Virginia's Workers' Compensation Act. Vess v. Davis Electrical Constructors, Inc., 613 F. Supp. 1047 (W.D. Va. 1985). Ronald Lewis, the plaintiffs' decedent, was killed by electrocution on March 9, 1984 while working for Daniel Construction Company (Daniel), which had subcontracted with the Virginia Electric Power Company ("VEPCO") to work on the construction of VEPCO's new generating plant in Bath county, Virginia. A high voltage cable with which the deceased had come in contact had been installed by Davis, another subcontractor hired by VEPCO to make the necessary electrical installations at the site. The plaintiffs brought this tort action against Davis, alleging that Lewis' death was caused by Davis' negligent performance of the electrical installation on the project. it is undisputed that the right of the plaintiffs to recover is controlled by Virginia law. Since the facts were also undisputed, Davis moved for summary judgment on the ground that the plaintiffs' exclusive remedy under Virginia law lay in the Workers' Compensation Act. Va. Code Ann. Sec.Sec. 65.1-1 et seq.
 
 Section 65.1-29 .of the Act provides:
 
 2
 When any person (in this section and Sec.Sec. 65.1-31 and 65.1-32 referred to as "owner") undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (in this section and Sec.Sec.65.1-31 to 65.1-34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by said owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.
 
 
 3
 This provision, along with Section 65.1-40, places independent contractors and their employees carrying out work that is part of the trade, business or occupation of the project owner under the protective umbrella of the owner's workmen's compensation coverage. See Smith v. Horn, 351 S.E.2d 14 (Va. 1986); Anderson v. Thorington, 110 S.E.2d 396 (Va. 1959), appeal dismissed, 363 U.S. 719 (1960). For purposes of the Act, the owner is considered the "statutory employer" of the independent contractors, who along with their employees, are considered "fellow servants." The Act precludes the injured or decedent employee from maintaining a common law negligence action against either his statutory employer or his fellow servant. If, however, either the injured plaintiff or the defendant contractor is not engaged in the business of the project owner, then the common law right to sue the "other party" is preserved. Farish v. Courion, 722 F.2d 74, 78 (4th Cir. 1983), aff'd on rehearing, 754 F.2d 1111 (4th Cir. 1985) (en banc), citing Va. Code Ann. Sec.Sec.S 65.1-41 and 65.1-103.
 
 
 4
 The district court, after holding an evidentiary hearing to explore the legal relationships between Daniel, Davis and VEPCO found that VEPCO's trade, business or occupation was to design, supervise and construct generating facilities for its own use and that Daniel and Davis were assisting VEPCO in its trade, business or occupation when the accident occurred. Hence, the court determined that VEPCO was the statutory employer of Daniel and Davis, who were fellow servants of VEPCO and were within the canopy of the Workers' Compensation Act. It accordingly granted summary judgment for Davis on grounds that the plaintiffs were limited to their recovery under the Virginia Workers' Compensation Act. Vess, 613 F. Supp. 1047.
 
 
 5
 The plaintiff's essential argument on appeal is that VEPCO was not the statutory employer of Daniel and Davis because VEPCO was not in the trade, business or occupation of constructing generating plants. Specifically, they point out that VEPCO employees did not perform much of the actual labor on the job involved in this suit, but rather, acted only as supervisors on the project. They claim that VEPCO's business was and is merely to operate generating facilities. The District Judge found to the contrary and granted judgment for the defendants. We affirm.
 
 
 6
 The decision of the Supreme Court of Virginia in Smith v. Horn, 351 S.E.2d 14 (Va. 1986), is the court's most recent pronouncement on the scope of coverage under Virginia's Workers' Compensation Act and controls our decision in this case. There, the court reaffirmed the principle earlier stated in Anderson v. Thorington, 110 S.E.2d 396 (Va. 1959), that the Act covers all persons engaged in work that is part of the trade, business or occupation of the project owner and protects from suit by employees engaged in the project every contractor or subcontractor who was engaged in such work.
 
 
 7
 The facts in Anderson and Smith are analogous to the facts now before us and we find the decisions in those cases dispositive of the issue raised by the plaintiffs. "Code Sec. 65.1-29 contemplates that an owner may perform or execute work that is part of his trade, business, or occupation through contractors and subcontractors, directly employing no workers for the purpose; if the work performed by an employee of the contractor or subcontractor is part of the owner's trade, business or occupation, the worker is deemed the statutory employee of the owner, ...." and is limited to recovery under the Act for any injuries sustained while working on the project. Smith, 351 S.E.2d at 16, citing Anderson, 110 S.E.2d at 400-01. VEPCO is in the business of constructing, as well as supervising and maintaining generating plants.[1] Indeed, the facts of this case more strongly support that finding than did the facts in Anderson. In Anderson, where the RPTA was held to have been in the business of constructing a turnpike, the RPTA had employed no workforce to construct the turnpike, but here VEPCO had a Construction and Engineering Division consisting of about 1,000 employees that was actively involved in the design, construction and maintenance of electrical generating facilities. Furthermore, VEPCO's charter authorizes it to design and construct generating facilities.
 
 
 8
 The plaintiffs rely upon Bassett Furniture v. McReynolds, 224 S.E.2d 323 (Va. 1976), to support their argument that because VEPCO employees were not normally involved in the actual labor of construction but merely supervised, VEPCO was not in the business of constructing generating facilities. That case, however, turned on the fact that Bassett maintained no separate construction division and on the rule enunciated in Shell Oil Co. v. Leftwich, 187 S.E.2d 162, 167 (Va. 1972), which requires, except in cases where the construction is only a fraction of the owner's main business concern, that the court consider whether the work involved is normally carried on through the owner's employees rather than through independent contractors. Since VEPCO does maintain a separate construction division which is normally engaged in the design and construction of generating facilities and since, in any event, the Shell Oil rule is inapplicable to the case because the construction of generating facilities is only a fraction of VEPCO'S business, see Smith, 351 S.E.2d at 18, Bassett is inapposite. Davis and Daniel were clearly engaged in the construction of VEPCO's Bath County generating facility, which was being constructed as part of VEPCO's business; therefore, VEPCO, Daniel and Davis fell under the canopy of the Workers' Compensation Act and the plaintiffs' recovery was limited to compensation under the Act. Accordingly, we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 VEPCO ... had a Construction and Engineering Division that was actively involved in the design, construction, and maintenance of electrical generating facilities. In 1984, there were 1,000 employees in VEPCO's C & E Division. Approximately 500 of these were employed at the Bath County Project. While VEPCO did not have workers involved in the hands-on construction, the evidence indicated they could have taken on enough employees to do so; in copy it determined that such was not the best course for the company. VEPCO had the expertise and had, in fact, built dams and generating facilities for themselves in the past. In all other respects, VEPCO was acting at the Project as its own general contractor. VEPCO's personnel supervised the actual construction with its own employees going down the chain of command as far as foreman. They were directly involved in the construction of both temporary and permanent electrical lines. In addition, they were responsible for the scheduling and coordinating the construction with the different independent contractors. They purchased the material, executed response plans, made the cost and industrial engineering studies, hired and brought in specialists, and generally coordinated the entire project. In every respect, VEPCO was acting as its own general contractor. The fact that VEPCO is not in the business of constructing generating facilities for other industries is irrelevant. Vess v. Davis Electrical Constructors, Inc., 613 F. Supp. 1047, 1050-51 (W.D. Va. 1985)