Raymond J. Chetti

v.

Algernon-Blair, Inc., et al.

July 10, 1987

Case No. LK 258-1

By JUDGE MELVIN R. HUGHES, JR.

After the hearing and argument on July 8, 1987, I took defendants' Plea of Workmen's Compensation under advisement.

In this case, plaintiff, an employee of a restaurant facility at Richmond International Airport, seeks recovery for injuries sustained after falling from a missing step caused by the alleged negligent acts of an employee of defendant Tide Construction Company, a subcontractor of defendant Algernon-Blair, the general contractor. Both defendants were involved at the time in construction to expand and improve the airport facility. The airport is maintained by the Capital Region Airport Commission (C.R.A.C.), a governmental body authorized by Chapter 380 of the Virginia Acts of Assembly, 1980, as amended.

The core issue in resolving defendant's Special Plea in this and in similar cases where workmen's compensation is interposed as a defense is whether the plaintiff is a statutory employee within the meaning of § 65.1-29, Code of Virginia of 1950, as amended. That section provides:

When any person [owner] undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts

with any other person [subcontractor] for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

Plaintiff's employer, Dobbs House (Dobbs), operates a restaurant facility under a lease granted by C.R.A.C. According to the evidence adduced at the hearing, plaintiff is the manager of the Dobbs facility at the airport, who at the time of the injury was on duty and was then involved with airline catering which comprises 75% to 80% of the facility's operations at the airport, an activity which Dobbs engages in under its own contracts with various airlines. The rest of Dobbs' activity there is concerned with operating a cafeteria style restaurant.

The testimony revealed defendants were then under contract to construct additional airport facilities. The evidence also established C.R.A.C. has never itself operated any cafeteria-restaurant or catering operations at the airport which Dobbs does under the lease and an agreement.

As defendants point out at the hearing, there seems to be no dispute as to whether the Tide employee who is said to have been negligent, is the statutory employee of C.R.A.C. at all times material for deciding this issue.

The question then becomes whether plaintiff is likewise and, more specifically, whether he too at the time was about activity that is a part of the trade, business or occupation of his alleged statutory employer, C.R.A.C.

In discussing their respective positions, the parties have both cited and distinguished *Anderson v. Thorington Construction Co.*, 201 Va. 266 (1959); *Williams v. E. T. Gresham Co., Inc.*, 201 Va. 457 (1959); *Shell Oil Co. v. Leftwich*, 212 Va. 715 (1972); and *Henderson v. Central Telephone Co.*, 233 Va. 377 (1987).

Defendant argues: By contracting to have Dobbs operate restaurant facilities at the airport, C.R.A.C. is only doing what it is required to do by its grant of authority under Chapter 380, namely, to provide for comfort and convenience of airport passengers, and therefore plaintiff

was engaged in a part of C.R.A.C.'s trade, occupation or business.

Plaintiff, on the other hand, argues C.R.A.C. pursuant to Chapter 380, is permitted but not required to provide restaurant facilities for passengers' comfort and convenience, having only granted the privilege to do so to Dobbs.

The pertinent portion of Chapter 380 reads as follows:

> Section 8. *Powers* - The commission is hereby granted, has and may exercise all powers necessary and appropriate to carry out and effectuate the purposes of this act, including for purposes of illustration, the following. . . .

> Section 7. To grant to others the privilege to operate for profit, concessions, leases and franchises, including but not limited to . . . the accommodation and comfort of persons using the facilities. . . .

The parties have framed this issue because of what the Supreme Court has said recently in *Henderson*, by way of discussing the "trade, business, or occupation" question as it relates to governmental entitles. In deciding workmen's compensation is a bar to plaintiff's claim in that case, the Court discussed the *Shell Oil Co.* test as to what is "normally done" in cases involving private business entities against what should be the basis for analysis in cases involving governmental entities.

In *Henderson*, the Supreme Court said, in determining trade business of occupation, private entities often define this by their conduct while governmental entities have duties, obligations, and responsibilities placed on them by statutes and regulations. The Court reiterated in *Henderson* well known principles of interpretation regarding workmen compensation coverage, namely, that such laws are highly remedial and are to be liberally construed to further the fundamental purpose of providing compensation for accidental injuries in employment.

In determining what is the "trade, business of occupation" of an alleged statutory employer for purposes of workmen's compensation as a plaintiff's exclusive remedy, the fundamental purpose of such law, by way of construction

and interpretation, must be kept in mind. Having chosen to provide for restaurant facilities for the accommodation and comfort of persons using the facilities, C.R.A.C. has provided for such services as a part of what it does in its capacity by grant of authority provided to it to accomplish this end. Catering activity is no less a part of C.R.A.C.'s trade, business or occupation because this involvement is in keeping with C.R.A.C.'s decision to allow Dobbs to be there and include this service within the range of services for the comfort and convenience of airport passengers.

Accordingly, defendant's Motion to Dismiss and Special Plea of Workmen's Compensation is sustained.