## CIRCUIT COURT OF FAIRFAX COUNTY

McCormick

v.

Miller & Long
Construction, Inc.

March 20, 1990

Case No. (Law) 86503

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendant Miller & Long's Plea in Bar alleging that plaintiff's cause of action is barred by the Virginia Workers' Compensation Act (the Act). After considering the pleadings, the arguments presented at the hearing, and the memoranda and letters submitted by both sides, I conclude that further evidence is needed before the Court can determine whether the Plea in Bar should be granted or denied.

The injury leading to this claim occurred at a Fairfax County construction site where the Marriott Corporation (which is not a party to this suit) was building a hotel for its own use. Plaintiff McCormick was installing the heating and cooling system as an employee of one subcontractor, A. S. Johnson, Inc., when he was struck in the back by a chunk of wood which fell from the building. Plaintiff received Workers' Compensation benefits for his injuries from his employer's insurance company. Plaintiff then filed this suit, claiming that employees of defendant Miller & Long Construction, the concrete subcontractor, negligently caused the wood to fall.

Under Virginia's Workers' Compensation Act, when an employee and his employer have accepted the provisions of the act, the employee's right to bring a common law claim for work-related injuries is severely restricted. *See* Va. Code Ann. § 65.1–40 (1987). Plaintiff, despite having received Workers' Compensation benefits, argues that

his third-party common law negligence action is allowed by § 65.1–5 of the Act, which states that "[n]othing in this Act contained shall be construed to make, for the purposes of this Act, the employees of an independent contractor the employees of the person or corporation employing or contracting with such independent contractor." Va. Code Ann. § 65.1–5 (1987). According to plaintiff, this section of the Act reserves to independent contractors and their employees the unrestricted right to bring third-party tort suits. Although plaintiff may be the employee of an independent contractor, A. S. Johnson, I do not concur in plaintiff's interpretation of § 65.1-5.

Section 65.1–5 must be considered in the overall scheme of the Act and reconciled with the Act's other provisions. When considered in light of the Act's overall scheme, it is clear that § 65.1–5 does not give employees of independent contractors an unrestricted right to bring third-party common law claims. First, plaintiff's interpretation of § 65.1–5 does not account for the Virginia cases which bar injured employees of independent contractors from bringing common law negligence claims against another independent contractor on the job or against the party hiring the independent contractor. *See, Anderson v. Thorington Construction Co.*, 201 Va. 266 (1959); *Henderson v. Central Telephone Co.*, 233 Va. 377 (1987).

Second, the cases cited by plaintiff as supporting his interpretation of § 65.1–5 never even discuss § 65.1–5. *See, Intermodal Services, Inc. v. Smith*, 234 Va. 596 (1988); *Baker v. Nussman*, 152 Va. 293 (1929); *Crowder v. Haymaker*, 164 Va. 77 (1935); *Stover v. Ratliff*, 221 Va. 509 (1980). Instead, these cases stand for the proposition that a *self-employed* independent contractor (as determined by common law standards) is not within the master-servant relationship covered by the Act and may, therefore, bring a common law negligence claim against the person who hired them. Since plaintiff makes no claim that he is a self-employed independent contractor, these cases are not applicable.

Finally, Virginia cases which have considered the role of § 65.1–5 in the overall scheme of the Act have reconciled it with § 65.1–29 by finding that § 65.1–5 is only one element to be considered, along with § 65.1–29, when determining whether the Act applies to an injured worker. As stated in *Sykes v. Stone & Webster Engineering Corp.*:

> [i]t clearly appears to be the purpose of [Sections 65-6 to 65–31] to bring within the operation of the Compensation

Act all persons engaged in any work that is part of the trade, business, or occupation of the original party who undertakes, as owner, or contracts as contractor, to perform that work, and to make liable to every employe[e] engaged in that work every such owner, or contractor, and subcontractor, above such employe[e]. But when the employe[e] reaches an employer in the ascending scale, of whose trade, business or occupation the work being performed by the employe[e] is not a part, then that employer is not liable to that employe[e] for compensation . . . . At that point [Section 65.1–5] intervenes and the employe[e]'s right of action at common law is preserved.

186 Va. 116, 122–23 (1947); *see also, Cinnamon v. International Business Machines Corp.*, 238 Va. 471 (1989) (citing the above passage as resolving the dispute between Section 65.1–5 and § 65.1–29 of the Act.).

Thus, § 65.1–29, the statutory employer provision, must also be considered to determine whether plaintiff's common law claim is barred by the Act. Section 65.1–29 states that:

[w]hen any person (in this section . . . referred to as "owner") undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (. . . referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

Va. Code Ann. § 65.1–29 (1987).

Numerous Virginia cases have interpreted § 65.1–29 to mean that the injured employee of an independent contractor cannot bring a common law claim against another independent contractor when both contractors are engaged in the trade, business, or occupation of the party employing them. *See, Phillips v. Brinkley*, 194 Va. 62 (1952); *Smith v. Horn*, 232 Va. 302 (1986) (injured employee of an independent contractor barred from bringing a common law negligence claim against the employee of another independent contractor

because both independent contractors were statutory employees engaged in the trade, business, or occupation of the coal mine's owner); *Anderson v. Thorington Construction Co., Inc.*, 201 Va. 266 (1959) (injured employee of an independent contractor under contract to Turnpike Authority barred by the Act from bringing a common law negligence suit against the negligent employees of another independent contractor hired by the Authority because both employees were engaged in the trade, business, or occupation of the Turnpike Authority and were therefore fellow employees); *but see Kramer v. Kramer*, 199 Va. 409 (1957) (employee of one independent contractor can bring a common law negligence claim against another independent contractor because neither contractor was engaged in the trade, business, or occupation of the owner, a church). Since both parties agree that Marriott Corporation, the owner, contracted directly with the subcontractors, A. S. Johnson and Miller & Long, the dispositive question on this plea in bar becomes whether the building of hotels is part of Marriott's trade, business, or occupation. If so, then Miller & Long's employees become plaintiff's fellow employees, and plaintiff's common law negligence action against his statutory fellow employee is barred by the Act. *See, Smith v. Horn*, 232 Va. 302.

> The essence of sections 65.1–29 through 65.1–32 is to bring within the operation of the Act all persons engaged in work that is part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work, and to make liable to every employee engaged in the work every such owner, contractor or subcontractor above such employee.

*Smith v. Horn,* 232 Va. 302, 305 (1986). Construction by an owner is one of the activities which produces most of the close cases when an injured person claims to be the statutory employee of an owner. *See* 1C Larson, *Workmen's Compensation Law*, § 49.16(c) (1986). Whether the work performed by the injured employee is part of the owner's trade, business, or occupation "is a mixed question of law and fact" dependent "upon the facts and circumstances in each case, and for that reason does not readily yield to categorical absolute standards." *Basset Furniture, Inc. v. McReynolds*, 216 Va. 897, 902 (1976). Thus, it is difficult to look to other Virginia cases for clear precedent in this case.

The cases most factually similar to this one are *Anderson v. Thorington Construction Co.*, 201 Va. 266 (1959), *Kramer v. Kramer*, 199 Va. 409 (1957), and *Smith v. Horn*, 232 Va. 302 (1986). In each, as in the case at hand, the employee of one independent contractor attempted to sue another independent contractor for injuries caused by the other independent contractor's employees. Careful review of these cases, however, reveals few, if any, of the factors which the Supreme Court used to arrive at the conclusion that the independent contractors were or were not engaged in the trade, business, or occupation of the owner.

The two Virginia cases which probably give the best insight into the factors which render an owner a statutory employer are *Bassett Furniture, Inc. v. McReynolds*, 216 Va. 897 (1976), and *Cinnamon v. International Business Machines Corp.*, 238 Va. 471 (1989). In *Bassett*, McReynolds, an employee of Industrial Air, was injured when he fell through a hole in a floor cut to accommodate a conveyor system Industrial Air was installing in Bassett's Virginia plant. *Bassett*, 216 Va. at 898. The jurisdictional issue was whether Bassett, the owner, was the statutory employer of McReynolds, barring McReynolds common law tort claim against Bassett. *Id.* at 899. The court found that an owner acting as its own general contractor and contracting with independent contractors did not automatically become the statutory employer "unless the work performed by the independent contractor 'is part of [the owner's] trade, business or occupation'." *Id.* at 902. Instead, the Court applied the test used in *Shell Oil Co. v. Leftwich*, which states:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors. (Emphasis supplied.)

212 Va. 715, 722 (1972).

Factors to be considered in determining whether work is normally carried on through employees include: the frequency and regularity of performance of this task by the supposed statutory employer; the

party's capacity to perform the activity, *see, Holt v. Bowie*, 343 F. Supp. 962 (W.D. Va. 1972); and whether the performed activity is a *de minimis* part of the total business operation, *see Sun Oil Co. v. Lawrence*, 213 Va. 596 (1973). On the evidence presented in *Bassett*, the Court upheld the trial court's determination that plaintiff's work was not part of Bassett's trade, business or occupation. *Bassett*, 216 Va. at 904.

In the other case, *Cinnamon v. IBM*, IBM hired a general contractor to build a new manufacturing facility. The general contractor hired a subcontractor to do painting. Plaintiff, an employee of the painting subcontractor, was seriously injured in a fall and tried to sue IBM at common law as an "other party." Plaintiff's motion for judgment was dismissed on summary judgment, and the issue on appeal was whether plaintiff's work was part of IBM's trade, business or occupation. The Court, after a lengthy discussion of the *Shell Oil v. Leftwich* test, dismissed the test as only a "corollary guide" in applying the literal language of the statute. *Cinnamon*, 238 Va. at 478. The Court then followed the general rule that construction was not part of the normal trade or business of the manufacturing industry, even though IBM maintained a construction division, and found that plaintiff's work was therefore not part of IBM's trade, business or occupation. *Id.* at 471.

This review of similar cases shows that there are not enough facts about Marriott, a non-party to this suit, to make a reasoned determination about whether the actual physical construction of hotels is part of Marriott's trade, business or occupation. Both parties agree that Marriott contracted directly with both A. S. Johnson and Miller & Long without the intervention of a general contractor. In addition, they agree that Majestic Builder's Corporation was hired by Marriott as project manager. We do not have information about whether it is customary in the hotel trade for hotels to build their own buildings, whether Marriott maintains a construction division, how often Marriott builds hotels uses this arrangement, and other facts which would help the Court determine whether this plaintiff was engaged in part of Marriott's trade, business or occupation when injured. A hearing for the presentation of evidence on Marriott's role in building this hotel and its customary practice of hotel construction should therefore be held before the plea in bar is decided.

Counsel for both sides should set a mutually agreeable hearing date for presentation of evidence on the plea in bar.