## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

John R. Heard

September 12, 1994

Case Nos. (Criminal) K59393 and K59483

BY JUDGE ARTHUR B. VIEREGG, JR.

These cases, in which the Commonwealth charges that the defendant, Johnny R. Heard, violated his probation by his failure to pay fines imposed on him in connection with two convictions for distribution of cocaine, were heard on Friday, August 26, 1994.

At the beginning of the hearing, counsel presented argument with regard to Heard's contention that this Court no longer had jurisdiction to impose sanctions for Heard's alleged probation violations in view of the provisions of Code § 19.2-306. By agreement, that issue was taken under advisement by the Court, and evidence was received with respect to Heard's alleged probation violation. This Court found Heard in violation of the terms of his probation. The Court is now prepared to rule on Heard's jurisdictional motion. I conclude that this Court was without jurisdiction to conduct the probation violation hearing.

On June 6, 1989, this Court entered an order in Criminal Case No. 59392, sentencing the defendant Johnny R. Heard to serve seven years in the penitentiary for distribution of cocaine. On the same date, in two separate orders entered in Criminal Case Nos. 59483 and 59393, this Court sentenced Heard to serve two five-year sentences in the penitentiary for two additional convictions of distribution of cocaine. However, in each order, this Court suspended each of those five-year sentences and placed Heard on probation for periods of three years.

On May 24, 1990, Heard was released from the penitentiary on discretionary parole in connection with Criminal Case No. 59392, the case in which he had been imprisoned. Thereafter, Heard's probation supervision as to the other two charges was transferred to the Maryland probation authorities. Because he failed to pay court costs with regard to his Virginia convictions, on October 23, 1991, this Court entered orders requiring Heard to appear and show cause why his failure to pay those costs should not be deemed violations of his probationary sentences. When he did not appear, on November 14, 1991, this Court entered bench warrants for his arrest.

On April 13, 1992, Heard was sentenced by a Maryland Court to sixty days in jail with respect to the charge of driving on a suspended license. On May 18, 1992, this Court's bench warrant was filed as a detainer with the Maryland courts. On May 29, 1992, Heard was returned to prison in Virginia for parole violations. Subsequently, Heard unsuccessfully requested that he be transported to this Court for hearing on the alleged probation violations. On July 25, 1994, Heard was again paroled on the seven-year conviction but remained incarcerated on account of the outstanding bench warrants charging him with probation violations.

As indicated above, Heard's probation violation charges came before this Court on August 26, 1994. He contended at that hearing that his probation had expired, so that this Court no longer had jurisdiction to try him for his alleged probation violations. In support of his argument, he principally relied on § 19.2-306 of the Code of Virginia, which provides:

> § 19.2-306. *Revocation of suspension of sentence and probation.* — The Court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . *revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probationary period . . .* whereupon in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed . . . . In the event that any person placed on probation shall leave the jurisdiction of the court without the consent of the judge, or having obtained leave to remove to another locality violates any of the terms of his probation, he may be apprehended and returned to the court and dealt with as provided above . . . . [Emphasis added.]

Heard contends that § 19.2-306 provides that his probation and suspended sentence may only be revoked and the suspended sentence reimposed within one year after the end of his probationary period; that his probationary period for Criminal Case Nos. 59483 and 59393 expired more than a year before the August, 1994, court hearing; and therefore, that this Court no longer had jurisdiction with respect to his alleged probation violations.

This case presents two threshold questions, each of which are potentially dispositive of this case in favor of the Commonwealth. The first is: when did Heard's sentence of probation commence? If it did not commence until after Heard's prison sentence in Criminal Case No. 59392 had been served, Heard's probation could not have expired, and this Court would continue to have jurisdiction over the alleged probation violations. The second is: if Heard's probation began on June 6, 1989, was it tolled or discontinued by this Court's issuance of its November 14, 1991, bench warrant for Heard's arrest for a probation violation?

As to the first question, on June 6, 1989, Heard was sentenced to prison in Criminal Case No. 59392; and he was sentenced to serve suspended five-year prison sentences with three years' probation in Criminal Case Nos. 59483 and 59393. Because this Court's orders did not specify that the suspended sentences were to commence after Heard served the sentence in Criminal Case No. 59392, they began on June 6, 1989. *See, Vick v. Commonwealth*, 201 Va. 272, 476 (1960) (construing Va. Code § 53-275, a predecessor statute to § 19.2-306).

The second question relates to the effect on Heard's probationary status of this Court's issuance of bench warrants on November 14, 1991. While § 19.2-306, as codified on November 14, 1992, does authorize a judge to revoke a probationer's probation, impose a suspended sentence, and *then* cause the probationer to be arrested, that authority was not exercised in this case. Courts speak through their orders. In the November 14, 1991, orders, this Court did not revoke Heard's probationary status.

In view of the answers to the two threshold inquiries, it is evident then that Heard's probationary period began on June 6, 1989. In the absence of Heard's departure from Virginia, this Court's jurisdiction to revoke that probation would therefore have expired four years later, or on June 29, 1993, pursuant to the express provisions of § 19.2-306, that is, the three-year term of the probation, plus one year. Since Heard arguably absconded to Maryland and was there for 335 days, however, this Court's jurisdiction was extended to May, 1994.

The Commonwealth, however, contends that by virtue of the fact that detainers (based on this Court's bench warrants) were filed in Maryland during the time Heard was incarcerated both in Maryland and later in Virginia that the limitations period created by § 19.2-306 was tolled. Since the May, 1994, expiration date assumes the probationary period was tolled while Heard was in Maryland, the crucial question is whether or not the probationary period was also tolled while this Court's bench warrants were outstanding and Heard was incarcerated in Virginia. In support of its position that the statute was tolled, the Commonwealth refers this Court to an unpublished opinion of the Court of Appeals in *Withrow v. Commonwealth* (Record No. 2087-91-1, February 16, 1993). A review of *Withrow*, however, discloses that the Court of Appeals merely recognized that the time for prosecuting a probation violator is tolled while the violator has absconded from the Commonwealth. It does not hold that the limitations period of § 19.2-306 is also tolled for later periods after which the violator was returned to the Commonwealth and was incarcerated here on other charges.

Furthermore, custody of the defendant in Virginia was not otherwise sufficient to toll the four-year jurisdictional period. Section 19.2-306 expressly requires the trial court's revocation of probation to occur within the probationary period, plus one year. Had the Commonwealth wished to prosecute Heard for probation violations while he was incarcerated elsewhere in Virginia, it might have done so.

In view of the plain language of § 19.2-306, this Court concludes that it lost jurisdiction to impose sanctions for probation violations prior to the August 26, 1994, hearing. This Court's August 26, 1994, ruling finding Mr. Heard in violation of his probation therefore may not stand since this Court's jurisdiction had expired in accordance with the provisions of § 19.2-306.