## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert K. Sawyer

v.

Humphrey Electric Co., Inc.

October 10, 1997

Case No. ML-4458

BY JUDGE JAMES B. WILKINSON

### Facts

Hudson Construction Co., a general contractor, contracted with several subcontractors to build a residential house in Chesterfield County, Virginia. The plaintiff, Mr. Sawyer, was an employee of Mathews Masonry, a subcontractor contracted to perform the masonry work. The defendant subcontractor, Humphrey Electric Company, Inc., was contracted to complete the electrical work. Mr. Sawyer alleges he was injured as a result of the negligent acts of the defendant's employee.

Mr. Sawyer filed and received a successful workers' compensation claim against Mathews Masonry, his immediate employer, and collected $11,352.78 under the Virginia Workers' Compensation Act. Va. Code § 65.2-101. The plaintiff filed a Motion for Judgment against the defendant for injuries allegedly caused by the negligent acts of the defendant's employee. On September 10, 1997, the parties and their counsel appeared before the Court on the defendant's special plea. The defendant has requested the Court to dismiss the plaintiff's cause of action set forth in Plaintiff's Motion for Judgment on the grounds that the plaintiff's claims are barred by the Virginia Workers' Compensation Act. Upon hearing argument of counsel, the Court took the matter under advisement.

*Issues*

Whether Hudson is a statutory employer of Mathews Masonry and Humphrey Electric under Va. Code § 65.2-302, thereby providing Mr. Sawyer with the exclusive remedy of the Workers' Compensation Act. Va. Code § 65.2-307.

Whether the defendant, Humphrey Electric, is an "other party" subject to a common law action by the plaintiff. Va. Code § 65.2-309.

*Discussion*

The Virginia Workers' Compensation Act (the Compensation Act) provides that workers' compensation is the exclusive remedy for an employee who suffers work related injuries. Va. Code § 65.2-307. However, common law negligence actions are allowed against an "other party." Va. Code § 65.2-309.

Identifying whether the defendant is an "other party" has been "mildly complicated by the Virginia statutes and court decisions which link the determination of who is the 'other party' with the concept of 'statutory employer'." *Farish v. Courion,* 722 F.2d 74, 78 (4th Cir. 1983); *Vess v. Davis Electrical Constructors, Inc.,* 613 F. Supp. 1047 (W.D. Va. 1985). Because the two concepts are closely intertwined, consideration must be given to both before the issue can be resolved as to whether the plaintiff is precluded by the Compensation Act from bringing a common law action against the defendant.

The Compensation Act has "the ancillary effect of placing independent contractors subject to its terms under the protective umbrella of the owner's workmen's compensation coverage." *Vess,* 613 F. Supp. 1047; *Farish,* 722 F.2d at 79. The concept of statutory employer originates in Va. Code § 65.2-302. The central purpose of the statute is:

> [T]o bring within the operation of the Act all persons engaged in work that is a part of the trade, business, or occupation of the party who undertakes as owner, or contracts as contractor to perform the work, and to make liable to every employee engaged in that work every such owner, contractor, and subcontractor above the employee.

*Smith v. Horn,* 232 Va. 302, 305, 351 S.E.2d 14 (1986); *Anderson v. Construction Co.,* 201 Va. 266, 271, 110 S.E.2d 396 (1959).

A general contractor is the statutory employer of "a subcontractor's employees if the employee is engaged in the trade, business, or occupation of the general contractor at the time of his injury." *Yancey v. JTE Constructors, Inc.,* 252 Va. 42, 44, 471 S.E.2d 473 (1996); *see also Sykes v. Stone & Webster Eng'g Corp.,* 186 Va. 116, 122, 41 S.E.2d 469 (1947). As a statutory employer, a general contractor is immune from common law suits by injured statutory employees. *Turnage v. Northern Va. Steel Corp.,* 336 F.2d 837 (4th Cir. 1964). Furthermore, the employee of one independent contractor cannot bring a common law action against another independent contractor where both contractors are engaged in the trade, occupation, or business of the statutory employer. *Anderson,* 210 Va. at 270.

Hudson, as general contractor, contracted with the owner to build a residential house in Chesterfield County. Mr. Sawyer was an employee for Mathews Masonry contracted by Hudson to complete the masonry work on the residential house. Humphrey Electric was contracted by Hudson to complete the electrical work on the same residential house. The Court concludes that Hudson's trade, business, or occupation was to construct and build residential houses and that Mathews Masonry and Humphrey Electric were both engaged in this work. At the time of Mr. Sawyer's accident, both subcontractors were involved in Hudson's business as well as Mr. Sawyer as an employee of Mathews Masonry. The Court holds that Hudson was the statutory employer of both subcontractors, Mathews Masonry and Humphrey Electric, and as such Mr. Sawyer was a fellow statutory employee.

The status as a statutory employer would preclude Mr. Sawyer from bringing a common law action against Hudson. The question then becomes what effect does Hudson's status as statutory employer have on Mr. Sawyer's present suit against another subcontractor, Humphrey Electric. Although Mr. Sawyer was a fellow statutory employee at the time of injury, he is not precluded from bringing suit against an "other party." An "other party" subject to a common law action by an employee under Va. Code § 65.2-309 refers to "one who is a stranger to the employment and the work and does not include one who has accepted the Act." *Smith,* 232 Va. at 306; *Anderson,* 201 Va. at 270. The Court in *Anderson* held that both independent contractors were under the canopy of the Compensation Act and the plaintiff was precluded from suing the defendant contractor because the defendant was not a stranger to the work and was not an "other party." *Anderson,* 201 Va. at 274.

In the case at bar, both Mathews Masonry and Humphrey Electric were both contracted by Hudson to complete a portion of the construction of the

residential house in Chesterfield County. Both the masonry and the electrical wiring were necessary to complete the construction of the residential house. The work subcontracted by Hudson is unquestionably a fraction of the main contract that Hudson, as general contractor, held with the owner. Both subcontractors were engaged in an essential part of the work which Hudson had to complete. *See Whalen v. Dean Steel Erection Co.,* 229 Va. 164, 169, 327 S.E.2d 102 (1985). Humphrey Electric was not a stranger to the employment or work performed in such construction. The Court holds that Humphrey Electric is not an "other party" subject to a common law action for the work related injuries sustained by Mr. Sawyer.

## Conclusion

Having held that Hudson was a statutory employer of both Mathews Masonry and Humphrey Electric and that Humphrey Electric is not an "other party" subject to a common law action, the Court holds that Mr. Sawyer is precluded from suing Humphrey Electric in a common law action for work-related injuries. This decision is consistent with the purpose "to bring into the operation of the Compensation Act all persons engaged in any work that is a part of the trade, business, or occupation of the original party," such as Hudson who contracted as the general contractor to perform the construction of a residential house. *Anderson,* 201 Va. at 270.

The work related injuries sustained by Mr. Sawyer fall under the Compensation Act, and Mr. Sawyer is limited to the exclusive remedy of workers' compensation. Defendant's special plea is granted, and the Court dismisses the cause of action set out in Plaintiff's Motion for Judgment due to the Court's lacking subject matter jurisdiction.