## CIRCUIT COURT OF THE CITY OF NORFOLK

Daniel F. P. Stone

v.

Door-Man Manufacturing Co. et al.

September 22, 1999

Case No. (Law) L99-1075

BY JUDGE JUNIUS P. FULTON, III

The Court has had an opportunity to review the various memoranda submitted by counsel and the applicable case law concerning the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants, E. G. Middletown, Inc.; Gala & Associates, Inc.; and Rudolph/Libbe, Inc., on the grounds that exclusive jurisdiction for the plaintiff's claims lies in the Virginia Workers' Compensation Commission. The relevant inquiry deals with the nature of the business activities engaged in by Ford Motor Company. What is abundantly clear is, as so succinctly put by at least one witness, "the business of Ford is making money," it is also apparent to the Court that Ford Motor Company does more than just manufacture automobiles in pursuit of that quest. Virginia Code § 65.2-302 provides that when an owner undertakes to perform any work that is a part of his trade or business and engages another to perform the whole or any part of that work, both the owner and those whom he engages are immune from liability for personal injuries suffered by the owner's employees. Thus, the issue in this case is whether the role of the defendants in designing, constructing, and installing the overhead door system in question is part of Ford's business of operating a truck assembly plant. The facts introduced during the hearing revealed that Ford Motor Company does engage in construction of its own facilities in its quest for profit, specifically, that construction projects of a million dollars or less are performed in-house, that is to say, by Ford Motor Company employees. This fact is further

buttressed by testimony which revealed that the design and installation of overhead doors and bi-fold doors at the truck assembly plant are routinely done by Ford employees. Furthermore, shortly after the Plaintiff's accident, Ford Motor employees were engaged in the installation of additional induction wiring for the door in question in their efforts to rectify the problems revealed by the accident.

In light of the principles espoused in *Vess v. Davis Electrical Contractors*, 613 F. Supp. 1047 (W.D. Va. 1985), and *Anderson v. Thorington Const. Co.*, 201 Va. 266 (1959), the defendants were here engaged to perform a portion of Ford's project or business venture and thus are engaged in a trade, business, or occupation of Ford. Consequently, the defendants are deemed to be statutory fellow employees of each other and Ford's employees, and further, that the alleged negligence complained of here arises entirely from the work done as part of Ford's trade, occupation, or business. The plaintiff is limited to the exclusive remedy provided by Virginia Code § 65.2-302.