# Richmond

## CITY OF PORTSMOUTH v. JACOB DANIELS, JOE NIXON.

### January 29, 1932.

Present, Campbell, C. J., and Holt, Epes and Browning, JJ.

The opinion states the case.

*R. C. Barclay,* for the plaintiff in error.

*Lyn Bond* and *C. F. Whitley,* for the defendants in error.

BROWNING, J., delivered the opinion of the court.

This case is before us on a writ of error to a judgment of the Industrial Commission of Virginia awarding compensation to the claimant, Jacob Daniels, against the city of Portsmouth.

The claimant was injured by falling from a scaffold, while he was engaged in painting a standpipe which belonged to the city of Portsmouth and which was owned and used by it as a part of its water system. This work was caused to be done by the city whenever it was necessary as a matter of preservation of the standpipe.

In the particular instance Joe Nixon, an independent contractor, entered into a written contract with the city

to do this work for a stipulated price. The contract was effectuated, as usual, by an advertised proposal, with specifications, bids and acceptance. Under its terms Nixon was to furnish all material, labor and equipment, and perform the work, and he assumed the responsibility for injury or damage, to persons or property, incident thereto. Nixon employed the claimant, as a laborer, to assist in the work, and while he was so engaged he sustained the injuries for which he claimed compensation. Nixon was experienced in this type of work. It was his business and he possessed the necessary equipment for its performance. The city maintained no control over the manner and method of preforming the work and it had no one in its employ who was skilled in this character of work and it had no equipment with which to do it. The city had nothing to do with the selection of the laborers or employees. Nixon employed and paid them, and he alone had the authority to control their actions.

The city derived no separate income from the standpipe.

The claimant gave no notice to the city of the accident and it knew nothing of it until some months after it happened.

The claim was filed before the Commission against the city of Portsmouth (owner) and Joe Nixon (contractor and employer) for compensation for the injury which occurred on the 5th day of August, 1930, and an award was entered against the city in favor of Jacob Daniels, the claimant, for $6.00 per week, from the date of the accident until the extent of the injury could be ascertained, with an allowance for costs and hospital and medical charges during the first sixty days subsequent to the injury, the award being subject to the maximum provided by the act.

The city presents five assignments of error, but in our view we need consider but one, which is conclusive of the matter. This assignment is as follows:

"The claimant was not an officer or employee of the city of Portsmouth, and only officers and employees of the State and its political divisions can recover compensation from the State and its municipalities."

Subsection (b) of section 2 of the workmen's compensation act, Code of Virginia, section 1887 (2) provides in part as follows:

" 'Employee' shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except. one whose employment is not in the usual course of the trade, business, occupation or profession of the employer; * * * as relating to municipal corporations and political divisions of the State the term 'employee' shall include all officers and employees thereof, except such as are elected by the people * * *."

Section 20 (a) of the act, Code, section 1887 (20) (a), provides:

"Where any person (in this section referred to as 'owner') undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this act which he would have been liable to pay if the workman had been immediately employed by him."

■ It is perfectly manifest that the claimant was not an employee of the city. Indeed in its Findings of Fact, the Commission states he was an employee of Nixon, the contractor with the city. The Commission also found that the city did not maintain any control over the manner and method of performing the work other than that stipulated in the contract, which excepted stipulation did not affect the question of control.

Nixon was an independent contractor engaged by the city to do the particular work. The city contracted to *have the work executed* not to *execute it itself.*

It is not necessary to consider the proper construction to be placed upon section 20 (a) of the act for the reason that under the provisions of section 2 (b) Nixon was not an "employee" of the city within the meaning of the act.

Section 2 (b) expressly defines who shall be considered an "employee" of a municipal corporation within the meaning of the act in these words: "* * * as relating to municipal corporations and political divisions of the State the term *'employee'* shall include all officers and employees thereof, except such as are elected by the people * * *." This definition is express and explicit and may not be added to or subtracted from. Nixon was an independent contractor and not an officer or employee. Nowhere in the act is a "person" defined so as to include within its meaning a "municipal corporation." Section 20 (a) makes no mention of the State or its political subdivisions or municipal corporations. The general term "any person" we do not think applies to municipal corporations and political subdivisions of the State. We think that as section 20 (a) of the act does not expressly include municipal corporations or political divisions of the State, it is not applicable to them.

We reverse the judgment of the Industrial Commission, and enter judgment for the appellant, the city of Portsmouth..

*Reversed.*

CAMPBELL, C. J., concurs in the result.