## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas Callahan

v.

Fairfax County
Park Authority

November 2, 1993

Case No. (Law) 125618

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Defendant's Plea in Bar. Having considered the arguments and memoranda of counsel, the Court sustains the Plea in Bar for the reasons set forth below.

On or about April 8, 1992, at approximately 7:45 p.m., plaintiff Thomas Callahan was jogging on a running path maintained by the Fairfax County Park Authority. Callahan tripped and fell over a chain suspended across the jogging path. The chain hung three inches off of the ground, suspended from poles on either side. The chain was marked with a fluorescent strip of ribbon next to the poles on either side of the path. The parties stipulate that the Park Authority was in control of the path.

Callahan asserts a claim of negligence against the Park Authority. He alleges that the chain was hung in a negligent manner and that the Park Authority negligently failed to mark the placement of the chain.

The Park Authority submits that the Motion for Judgment is barred by § 29.1–509 of the Code of Virginia, Virginia's Recreational Use Statute.

Callahan argues that the Recreational Use Statute only applies to private landowners who allow the general public to use their land for recreational activities. Callahan asserts that the Park Authority is not a private landowner within the meaning of the statute and therefore the statute is inapplicable.

Most states, including Virginia, have adopted some version of the Model Recreational Use Statute proposed by the Council of State Governments. *See The Council of State Governments Suggested State Legislation,* vol. 24, p. 150 (1965) ("Model Act"). Courts in other states have faced the task of interpreting their statutes, as this Court must now do.

Va. Code § 29.1–509 provides that:

> "Land" or "premises" means real property, whether rural or urban, waters, boats, private ways, natural growth, trees and any building or structure which might be located on such real property, waters, boats, private ways and natural growth.

> "Landowner" means the legal title holder, lessee, occupant or any other person in control of land or premises.

> A landowner shall owe no duty of care to keep land or premises safe for entry or use by others for hunting, fishing, trapping, camping . . . or for any other recreational use. No landowner shall be required to give any warning of hazardous conditions or uses of, structures on, or activities on such land or premises to any person entering on the land or premises for such purposes.

The Court is mindful of the premise that "when statutory language is clear and unambiguous, the plain meaning and intent of the enactment will be given to it; [the court] take[s] the words as written to determine their meaning. And when an enactment is clear and unequivocal, it is inappropriate to consider extrinsic facts . . . ." *Lee-Warren v. School Board of Cumberland County,* 241 Va. 442, 445 (1991).

Giving the Statute its plain and ordinary meaning, the Court finds that the definition of "landowner" is not limited to private individuals. The Court takes the words as written and will not impute a more restrictive definition of "landowner" than results from a simple reading of the statute.

The Court finds it significant that the Model Act contains a preamble which the Virginia Legislature declined to adopt when promulgating Virginia's Recreational Use Statute, although it otherwise adopted the entire substance of the Model Act. The relevant portion of the preamble to the Model Act is as follows:

> The suggested act which follows is designed to encourage availability of *private lands* by limiting the liability of owners

to situations in which they are compensated for the use of their property and to those in which injury results from malicious or willful acts of the owner.

*The Council of State Governments, supra* at 150. The Court finds that if the Virginia General Assembly had intended to limit the applicability of the Virginia Recreational Use Statute to privately owned lands, it would have done so by adopting this provision or by utilizing similar language in the statute itself.

Callahan asserts that the last clause of § 29.1–509(E) demonstrates that the statute applies only to private landowners. That clause provides that "any action against any county, city, town, or local or regional authority shall be subject to the provisions of § 15.1–291, where applicable." While the purpose and meaning of that clause is unclear, the court is unpersuaded that its purpose was to limit the applicability of the statute to private landowners. That could have been done far more clearly and easily, had the General Assembly so intended. In addition, the Park Authority is not an arm or agency of the Commonwealth and enjoys no tort immunity. *Pendergast, et al. v. Northern Va. Regional Park Authority*, 227 Va. 190, 313 S.E.2d 399, 400 (1984).

Callahan cites a multitude of cases from other jurisdictions holding their recreational use statutes inapplicable to public entity landowners. However, most of the cases cited by Callahan can be distinguished from the case at bar. For example, in *Hovet v. City of Bagley*, the Supreme Court of Minnesota held that Minnesota's Recreational Use Statute is inapplicable to cities. Central to the court's ruling was the fact that the title of the Act read: "An act relating to public use of *privately owned* land." *Hovet v. City of Bagley*, 325 N.W. 2d 813, 815 (Minn. 1982) (emphasis added). Also, the Minnesota legislature adopted a statement of purpose which was to "promote the use of *privately owned* lands . . . for beneficial recreational purposes . . . ." *Id.* (emphasis added). As noted earlier, the Virginia legislature did not limit the act to privately owned lands and failed to adopt such a statement of purpose.

The Court finds *Cagle v. United States*, 937 F.2d 1073 (6th Cir. 1991), to be persuasive. In *Cagle* the Sixth Circuit held that Tennessee's Recreational Use Statute applies to governmental entities who open their land to the public for recreational use. *Cagle*, 937 F.2d at 1074. The Tennessee statute defined "landowner" as any "legal title holder or owner." Tenn. Code Ann. § 70–7–101 (1987). The Court

noted that no distinction was made in that definition between public and private land. *Id.* at 1075. The court also noted that "the general rule that a landowner owes no duty of care to recreational users of his land makes no distinction between public or private ownership of the land." *Id.* The Virginia Statute is similar to the Tennessee Statute both in the definition of landowner and in the statement of the general rule. Va. Code § 29.1–509 defines "landowner" as "the legal title holder, lessee, occupant or any other person in control of land or premises." The general rule states "A landowner shall owe no duty of care to keep land or premises safe . . . ."

For these reasons, the Park Authority's Plea in Bar is granted.