Present: All the Justices

CITY OF VIRGINIA BEACH

                         OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
v.  Record No. 950916            March 1, 1996

EDWARD L. FLIPPEN

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        John E. Clarkson, Judge

In this tort action against a municipality, we consider whether, absent gross negligence, the municipality is immune from liability for personal injuries suffered by a permissive user on privately owned recreational property for which the municipality had limited responsibility.

Appellee Edward L. Flippen (Flippen) owned a vacation beach home in the Sandbridge area of the City of Virginia Beach (the City). Although the oceanfront and beach in the Sandbridge area are privately owned, the property owners have permitted the public to use the beach for recreational purposes for many years. When the City approved the subdivision plat, the developers reserved pedestrian access strips to the beach. These access strips have never been conveyed to the City by fee transfer or easement. But since the time of the subdivision's creation and consistent with the reservation in the plat, the City has maintained these access strips to the beach for pedestrian ingress and egress.

Concern for beach erosion during the 1970s and 1980s prompted the Sandbridge property owners to seek permission to build a series of bulkheads along Sandbridge beach. The City approved the construction of the bulkheads with the understanding that the property owners would construct stairways over the bulkheads which

the City would thereafter maintain to preserve public access to the beach. In addition to maintaining the access strips and stairways, the City provides and maintains refuse receptacles, information signs, and sand fences at the access points to the stairways. The City also provides and maintains refuse receptacles on the beach itself during the warmer months.

On December 11-13, 1992, the City was struck by a severe Northeastern storm. Extensive damage occurred to several of the stairways over the Sandbridge bulkheads. City workers surveyed this damage on December 14 and 15 and blocked the entrances to noticeably damaged stairways with lumber and warning tape.

On the evening of December 31, 1992, Flippen was walking his dog along Sandfiddler Road adjacent to the bulkheads. Flippen mounted a stairway which was not blocked by lumber or tape, crossed the bulkhead and descended the stairway toward the beach. Storm damage to this stairway had resulted in a single tread missing from the first flight of stairs on the beach side of the bulkhead. Flippen fell through the gap in the stairs to the beach below and suffered personal injuries.

By motion for judgment filed March 30, 1993 in the Circuit Court of the City of Norfolk,[*] Flippen sought $1,000,000 compensatory damages, alleging that the City negligently maintained the stairway. The City defended on the ground that its

_____
[*]Prior to trial, the City objected to the propriety of Norfolk as a venue for this action. The City assigned error to the trial court's ruling approving the venue. Because our resolution of the appeal moots the question, we express no opinion on this issue.

negligence, if any, did not amount to gross negligence, and it was thus immune under one or more statutory provisions or under a common law theory of sovereign immunity. The trial court rejected these legal theories and permitted the case to be submitted to the jury which, by special verdict, found that the City was guilty of simple negligence and awarded Flippen damages in the amount of $246,280.90. We awarded the City an appeal.

The City contends that it is immune from liability under the provisions of Code § 29.1-509(B). In pertinent part, that statute provides:

> A landowner shall owe no duty of care to keep land or premises safe for entry or use by others for . . . recreational use . . . . No landowner shall be required to give any warning of hazardous conditions or uses of, structures on, or activities on such land or premises to any person entering on the land or premises for such purposes . . . .

Code § 29.1-509(A) defines the term "landowner" as "the legal title holder, lessee, occupant or <u>any other person</u> in control of land or premises." (Emphasis added.)

Initially, we note that Flippen's activity as a recreational use of the stairway in question is not an issue in this appeal. Additionally, there is no dispute that following the construction of the stairway by the property owners, the City alone assumed responsibility for the maintenance of the stairway and provided additional services to enhance the aesthetic appearance of the adjoining public access ways. The evidence thus substantiates the City's claim that it was in control of the stairway at the time of Flippen's recreational use of it. Accordingly, the City asserts that it comes within the definition of a landowner in that it was

"in control of [the] land or premises" as contemplated by Code § 29.1-509.

In response, Flippen contends that Code § 29.1-509 is inapplicable to municipal corporations. Rather, he asserts that the legislature intended the statute to extend immunity only to private landowners, having provided for recreational use immunity for municipalities elsewhere. See Code § 15.1-291. Our resolution of this issue centers on whether, on the particular facts of this case, the City is included within the term "any other person" as used in Code § 29.1-509(A).

Municipal corporations have a dual identity, existing both as a body politic and a body corporate. In the latter identity, a municipal corporation may be a "person" just as any corporation or other legal entity is a person. Code § 1-13.19; see also Hanbury v. Commonwealth, 203 Va. 182, 187, 122 S.E.2d 911, 914 (1961). We further recognize that, in certain instances, the legislature has expressly excluded municipalities from coming within the definition of the term "person". See, e.g., Code §§ 7.1-12 & 8.01-636. When, as here, a statute contains no express definition of a term, the general rule of statutory construction is to infer the intent of our legislature from the language and "the plain meaning of the words." Marsh v. City of Richmond, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987); see also City of Portsmouth v. Daniels, 157 Va. 614, 618, 162 S.E. 324, 325 (1932)(construing term "any person" with respect to application of Workers' Compensation Act to municipal corporations).

The clear legislative intent of Code § 29.1-509 is to

encourage the opening of private land to public recreational use.

Flippen contends that the City's maintenance of this stairway is comparable to its maintenance of sidewalks, suggesting that the City's actions are not motivated by the statute.  This contention is without merit.  The maintenance of sidewalks is a proprietary, not a governmental, function of a municipal corporation, <u>City of Norfolk v. Hall</u>, 175 Va. 545, 551-52, 9 S.E.2d 356, 359 (1940), making sidewalk maintenance an act of the corporate entity.  Moreover, the intended use of the stairway in question is clearly to provide access to the recreational beach.  The City's actions in providing and maintaining public access over private land for recreational purposes is entirely consistent with the purpose of Code § 29.1-509 and the conclusion that the legislature intended a broad interpretation of the definition of the term "landowner" contained therein.  Accordingly, we see no logical reason, under the specific facts of this case, to exclude the City from the definition of landowner found in that statute.

We hold that the City is a "person in control of [the] land or premises" as contemplated by Code § 29.1-509 and is entitled to the immunity extended by that statute for the activities it undertook to provide public access to the beach adjacent to the stairway.  Having reached this conclusion, we need not address the City's additional claims of immunity under Code § 15.1-291 and the common law doctrine of sovereign immunity.  Similarly, an issue raised on cross-error is rendered moot by our decision reversing the trial court disposition.

The judgment of the circuit court will be reversed and final

judgment will be entered for the City.

<u>Reversed and final judgment</u>.