# CIRCUIT COURT OF THE CITY OF NORFOLK

John Tarreto

v.

George Tetarian
and City of Norfolk

February 13, 1998

Case No. (Law) L97-2399

BY JUDGE MARC JACOBSON

Plaintiff John Tarreto (Plaintiff) was an employee of Pizzagali Construction Company (Pizzagali), an independent contractor hired by the Defendant City of Norfolk (City) to perform work on and at the Moores Bridges Water Treatment Plant located in the City of Norfolk, Virginia. On March 20, 1996, Defendant George Tetarian, an employee of City, while in the scope of his employment allegedly caused his vehicle to strike the vehicle operated by Plaintiff, allegedly causing injuries to Plaintiff. As a result of the accident, Plaintiff received workers' compensation by virtue of his employment by Pizzagali. Plaintiff now brings his Motion for Judgment against the Defendants for personal injuries from this accident, alleging that Tetarian was negligent in the operation of his vehicle while in the scope of his employment for and on behalf of City.

City has filed a Special Plea of the Workers' Compensation Act alleging Plaintiff was a "statutory employee of the City of Norfolk, within the meaning of Virginia Code § 65.2-302, in that the work delegated to [Pizzagali] his employer, by contract with the City was part of the 'trade, business or occupation' of the City." City contends that because it provides and operates a water treatment facility pursuant to legislatively delegated authority, the

improvement of the water treatment facility is a part of its trade and business. City further contends that notwithstanding the fact that Plaintiff was an employee of City's independent contractor, Pizzagali, Plaintiff's claim against City is covered by the Workers' Compensation Act and, under the Act, Plaintiff's common law remedies are abrogated. Section 65.2-302(A) of Virginia's Workers' Compensation Act provides that:

> [w]hen any person (referred to in this section as "owner") undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

If a worker is covered by the Workers' Compensation Act, then the Act provides the exclusive remedy for the worker. Va. Code §65.2-307.

> *The purpose of Code § 65.2-302* is to "protect the employees of subcontractors who are not financially responsible and *to prevent employers from relieving themselves of liability (for compensation) by doing through independent contractors what they would do through direct employees.*"

*F. Wilton, Jr., Inc. v. Gibson*, 22 Va. App. 606, 609 (1996) (emphasis added) (citations omitted). *See also Henderson v. Cent. Tel. Co.*, 233 Va. 377, 381 (1987), interpreting the substantially similar prior Virginia Code § 65.1-29 and noting that while the statutory scheme of the Act did not automatically make an independent contractor's employees statutory employees of the owner, the section "contemplate[d] that an owner [general contractor] … can subcontract all its work yet remain liable under the Act. This provision [was] meant to prevent an owner from escaping liability under the Act by the simple expedient of subcontracting away work which is part of its trade, business, or occupation. Such an owner will remain liable under the Act to the extent the work subcontracted is part of that owner's trade, business, or occupation.'*Id.*

Thus, if City's improvements of the city water treatment plant was considered to be its trade or business, then Plaintiff, an employee of the City's

independent contractor, Pizzagali, may only seek redress under the Workers' Compensation Act. The question of whether a person is a statutory employer is a mixed question of law and fact. *Id.* The Virginia Supreme Court has indicated the test for determining an independent contractor's acts are within the general contractor's trade or business. "The test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business … [but rather] whether this indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors. *Shell Oil v. Leftwich*, 212 Va. 715, 722 (1972) (emphasis in original). However:

> *[t]he statutory-employer test applied to governmental entities differs from that usually applied to private business entities. (Ford v. City of Richmond*, 239 Va. 664, 666 (1990).) When governmental entities and public utilities are involved, "It is not simply what they do that defines their trade, business, or occupation. What they are also supposed to do is also a determinant." (*Henderson v. Central Tel. Co.*, 233 Va. 377, 383 (1987).) A private business entity is essentially self-defining in terms of its trade, business, or occupation, but a governmental entity has duties, obligations, and responsibilities imposed upon it by statutes and charter provisions. (*See id.*) *Consequently, local governments' trade, business, or occupation must be judged according to the public duties they are "authorized and empowered by legislative mandate to perform." (Ford* at 669.)

*Roberts v. City of Alexandria*, 246 Va. 17, 19 (1993) (emphasis added). In this case, the City is permitted to provide and operate water supplies, production, preparation, distribution, and transmission systems. Virginia Code § 15.1-875. Any activities relating to these statutorily authorized activities are within City's business. Because improvements to the water treatment system are clearly within the province of providing and operating facilities for the treatment and transmission of water, the activities of Plaintiff are within the City's trade or business.

Virginia Supreme Court cases support the conclusion that City is a statutory employer. Where a nurse was the employee of an independent contractor hired to provide medical services at the City of Alexandria's jail and where she was injured in a slip and fall accident at the jail, the nurse's sole remedy was under the Workers' Compensation Act. *Roberts* at 18-19 (finding the city's trade or business in Virginia Code § 15.1-257 requiring

every city and county to operate a jail). Where a construction company employee was injured while performing work at a public utility (telephone company), the employee could not sue the public utility. *Henderson* at 385. Where a governmental unit or public utility is statutorily authorized or required to do a specific act, that act is determinant of the entity's trade or business. *Id.* at 385. In *Anderson v. Thorington Constr. Co., Inc.*, the court was confronted with the issue of:

> whether under the relationship of the parties and the circumstances stated, the plaintiff, an employee of the Engineers, one independent contractor on the project, may maintain an action at law against Thorington, another independent contractor on the project, to recover damages for his injuries caused by the negligence of the servants of the defendant independent contractor, or whether the plaintiff's right to recover workmen's compensation benefits is his exclusive remedy.

*Id.* at 269. After noting that the Richmond-Petersburg Turnpike Authority was statutorily created to construct, operate, and maintain the turnpike project, the *Anderson* court held that both the employer of the plaintiff and the other defendant subcontractor, as well as the Turnpike Authority, were engaged in the trade or business and "were under the canopy of the Workmen's Compensation Act." *Id.* at 272.

The case of *Ford v. City of Richmond*, 239 Va. 664 (1990), is significant when considering the views in the case at bar. In *Ford*, an employee of an independent contractor hired by the City of Richmond's city waterworks was killed in an on-the-job accident. The *Ford* court affirmed the trial court's dismissal of his widow's claim because the City of Richmond, which was authorized to own, maintain, repair, and operate the reservoir where the facility was located, was the statutory employer of the decedent. *Id.* at 669. The decedent's widow's common law recovery was abrogated by the Workers' Compensation Act.

Plaintiff, in opposition to the Special Plea filed by City, has referred to the case of *City of Portsmouth v. Daniels*, 157 Va. 614 (1932), as authority. In *Daniels*, the court held that the City of Portsmouth was not a statutory employer under the then existing worker's compensation act because the act did not include governmental employees. The court noted that:

> [n]owhere in the act is a "person" defined so as to include within its meaning a "municipal corporation." Section 20(a) makes no mention of the State or its political subdivisions or municipal corporations. The

general term "any person" we do not think applies to municipal corporations and political subdivisions of the State. We think that as section 20(a) of the act does not expressly include municipal corporations or political subdivisions of the State, it is not applicable to them.

Section 20(a) is the statutory employer liability section which was in effect in 1932. Subsection (a) has almost the substantially similar wording as the present statute.[1] However, the 1932 statute's definition of statutory employee was markedly different, limiting statutory employees in governmental entities to employees and officers of the entity itself (except for elected officials). *Daniels* at 617.

Since the *Anderson* case, the Supreme Court's definition of statutory employee for governmental entities has expanded to the extent of commercial employers (except for elected officials and taking into account the different test for "trade, business or occupation"). *"The holding in Anderson was different, [holding a governmental entity to be a statutory employer of the employee of an independent contractor] not because the case was factually different [from the Daniels case], but because Anderson was legally distinguishable. Case law construing a statute is controlling precedent only until the General Assembly 'effects a substantive change in the law'." Ford* at 668-69 (emphasis added) (citation omitted).[2] Since the time of the *Anderson* case, the Virginia Supreme Court, in re-examining the slightly changed language of the Act, has now ruled that the legislative fine-tuning of the statutory employer and statutory employee sections of the Act effected a change in the workers' compensation scheme. Thus, *Daniels*, under the current statute, is not applicable.

---

[1] Former Section 20(a) stated: "Where any person (in this section referred to as 'owner') undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this act which he would have been liable to pay if the workman had been immediately employed by him."*Daniels* at 617.

[2] The most current version of the Act includes, *inter alia*, a definition of statutory employees of governmental entities every person which is in the same trade, business, or occupation which is not excluded by subsection 2 (excluding elected officials, casual employees, etc.). Virginia Code § 65.2-101(1)(a) to (2)(a) and (e). Like the 1932 statute, "employee" still also means all officers and employees of a municipal corporation or political subdivision of the Commonwealth. *Id.* at (g).

For the reasons aforesaid, the City's Special Plea of the Workers' Compensation Act is sustained. City was authorized to build and operate a water treatment facility and thus the implementation of this authorization was a trade or business of City. Accordingly, Plaintiff, although an employee of an independent contractor, was the statutory employee of City. Plaintiff's remedy is exclusively within and limited to the Workers' Compensation Act.