## CIRCUIT COURT OF FAIRFAX COUNTY

Vicki Sheppard

v.

Fairfax County
Park Authority

December 8, 1999

Case No. (Law) 179166

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant Fairfax County Park Authority's ("FCPA") Demurrer and Plea in Bar to Plaintiff Vicki Sheppard's claims for damages allegedly arising from FCPA's gross negligence ("Count II")[1] and FCPA's Plea in Bar to Sheppard's claim for damages allegedly arising from FCPA's ordinary negligence in the maintenance of certain park facilities ("Count I"). FCPA asserts that it cannot be sued for ordinary negligence pursuant to the provisions of Va. Code § 15.2-1809, Va. Code § 29.1-509, and the doctrine of sovereign immunity. Sheppard responds that neither those statutes nor the doctrine of sovereign immunity apply in this case. For the reasons set forth in this opinion, the Court now sustains the Plea in Bar to Count I and dismisses Count I with prejudice.

---

[1] On September 10, 1999, the Court sustained the Demurrer to Count II with leave to amend until the end of discovery on the remaining count of the Amended Motion for Judgment. In light of the Court's ruling today, Sheppard's leave to amend Count II is modified to allow amendment within twenty-one days of the date of this letter opinion.

## I. *Background*

On March 26, 1999, Sheppard filed her Motion for Judgment against FCPA seeking damages for negligence and gross negligence ("Count II") for events occurring on August 9, 1997. FCPA owns and operates Mt. Vernon Manor Park in Alexandria, Virginia. Sheppard alleges that she was injured when a swing at Mt. Vernon Manor Park broke while she was sitting on it. Sheppard's Amended Motion for Judgment seeks damages against FCPA due to its alleged negligence and gross negligence in allowing the swing to decay and subsequently break.

## II. *Analysis*

### A. *Limited Immunity under Va. Code § 15.2-1809*

FCPA asserts in its Plea in Bar that it enjoys immunity from claims of ordinary negligence pursuant to Va. Code § 15.2-1809 ("Section 1809"). That code section reads as follows:

> *Liability of localities in the operation of parks, recreational facilities, and playgrounds.* — *No city or town which operates any park, recreational facility, or playground shall be liable in any civil action or proceeding for damages* resulting from any injury to the person or from a loss of or damage to the property of any person *caused by any act or omission constituting ordinary negligence* on the part of any officer or agent of such city or town *in the maintenance or operation of any such park, recreational facility, or playground.* Every such city or town shall, however, be liable in damages for the gross negligence of any of its officers or agents in the maintenance or operation of any such park, recreational facility, or playground.
>
> *The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.*

Va. Code § 15.2-1809 (emphasis added). FCPA contends that the limited immunity of Section 1809 applies to local and regional park authorities, as well as to the cities, towns, and counties specified in the statute. Sheppard responds that Section 1809 applies only to the entities specified in the statute.

Although the plain language of Section 1809 seemingly limits the liabilities of only cities, towns, and counties in the operation of any park,

recreational facility, or playground, the General Assembly has expanded the scope of this recreational immunity in Va. Code § 29.1-509. That section, in relevant part, reads as follows:

> *Duty of care and liability for damages of landowners to hunters, fishermen, sightseers, etc. ... .*
>
> E. Any provisions in a lease or other agreement which purports to waive the benefits of this section shall be invalid, and *any action against any county, city, town, or local or regional authority shall be subject to the provisions of Sec. 15.2-1809,* where applicable.

Va. Code § 29.2-509(E) (emphasis added). In enacting Va. Code § 29.1-509, the General Assembly has unequivocally stated that Section 1809 applies to local and regional authorities, as well as to counties, cities, and towns. If the language of a statute is clear and unambiguous, there is no need for construction by a court, and the plain meaning of the words and intent of the enactment will be given to it. *Brown v. Lukhard*, 229 Va. 316, 321 (1985).[2] The General Assembly's inclusion of local and regional authorities in § 29.1-509 cannot simply be dismissed because a court must give meaning to all words used by the General Assembly and cannot read statutes to render any words meaningless. *Corns v. School Board of Russell County*, 249 Va. 343, 349 (1995). Moreover, principles of statutory construction dictate that whenever possible, statutes should be interpreted with a view towards harmonizing one with the other. *See Branch v. Commonwealth*, 14 Va. App. 836, 839 (1992). The only construction that harmonizes Section 1809 with Va. Code § 29.1-509 is one that bestows the immunity provided under Section 1809 to local and regional authorities.

Although the parties differ as to whether FCPA is a local versus regional park authority, they have stipulated in oral argument that it is either a local or a regional authority. Hence, the Court finds that the limited immunity of Section 1809 necessarily applies to FCPA, and, accordingly, the Court sustains FCPA's Plea in Bar to Count I.

---

[2] Although resort to legislative history is unnecessary when the language of an enactment is free from ambiguity, *Lukhard*, 229 Va. at 321, the legislative history of Va. Code § 29.1-509 provides additional evidence of the General Assembly's intent. In 1989, § 29.1-509 made no reference to Section 1809. When the General Assembly amended § 29.1-509 in 1990, it delineated the scope of Section 1809 to encompass not only counties, cities, and towns, but also local and regional authorities.

## B. *Limited Immunity under Va. Code § 29.1-509*

FCPA also asserts that Va. Code § 29.1-509 ("Section 509") limits its liability because FCPA is the "landowner" of Mt. Vernon Manor Park and, thus, is entitled to the immunity extended by Section 509. Section 509 additionally reads, in relevant part, as follows:

> *Duty of care and liability for damages of landowners to hunters, fishermen, sightseers, etc. ... .*
> A. "Landowner" means the legal title holder, lessee, occupant, or any other person in control of land or premises.
> B. A landowner shall owe no duty of care to keep land or premises safe for entry or use by others for hunting, fishing, trapping, camping, participation in water sports, boating, hiking, rock climbing, sightseeing, hang gliding, skydiving, horseback riding, foxhunting, racing, bicycle riding, or collecting, gathering, cutting, or removing firewood, for any other recreational use, or for use of an easement granted to the Commonwealth or any agency thereof to permit public passage across such land for access to a public park, historic site, or other public park, historic site, or other public recreational area.

Va. Code § 29.1-509. Relying on the Supreme Court's decision in *Virginia Beach v. Flippen*, 251 Va. 358 (1996), Sheppard argues that Section 509 applies only to efforts to provide public access to private lands and does not include protecting lands that are already public. Sheppard misconstrues the holding in *Flippen*.

In *Flippen*, the Supreme Court addressed the definition of "landowner" under Section 509. Flippen contended that the City of Virginia Beach could not claim immunity under Section 509 because the statute was intended to confer immunity solely to private landowners. The Supreme Court disagreed. While noting that the legislative intent of Section 509 was to encourage the opening of private property for public recreational use, the Court refused to limit the immunity under Section 509 solely to private landowners and held that the City of Virginia Beach was entitled to this statutory immunity. In part, the Court reasoned that "the legislature intended a broad interpretation of the definition of the term 'landowner' contained therein." *Flippen*, 251 Va. at 362. *See also, Callahan v. Fairfax County Park Auth.*, 32 Va. Cir. 212 (1993) (Wooldridge, J.) (providing a comprehensive analysis of why FCPA is a "landowner" entitled to immunity under § 29.1-509).

Here, the parties have stipulated that FCPA is the legal titleholder of Mt. Vernon Manor Park. As the parties also have stipulated that FCPA does not charge fees for the use of Mt. Vernon Manor Park,[3] the plain language of the statute and the case law interpreting it compel the conclusion that FCPA is within the ambit of the immunity conferred by the legislature in its enactment of Va. Code § 29.1-509. Accordingly, the Court also sustained FCPA's Plea in Bar to Count I on this additional ground.

## Conclusion

For the reasons articulated herein, the Court sustains FCPA's Plea in Bar to Count I on the grounds of immunity under Va. Code § 15.2-1809 and Va. Code § 29.1-509[4] and dismisses Count I with prejudice. Further, Sheppard's leave to amend Count II is modified to allow amendment within twenty-one days from the date of this letter opinion.

---

[3] "The provisions of this section shall not limit the liability of a landowner which may otherwise arise or exist when the landowner receives a fee for use of the premises or to engage in any activity described in subsections B and C of this section." Va. Code § 29.1-509(D).

[4] The Court concluded that an evidentiary hearing would be needed in order to rule on the question of sovereign immunity. The Court does not rule on the arguments advanced by the parties regarding the doctrine of sovereign immunity in this case because no matters remain before the Court as a result of the sustained Plea in Bar to Count I and the sustained Demurrer to Count II.