## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Virginia Property
and Casualty Ins.
Guaranty Assn.

v.

Chesapeake Hospital
Authority

August 25, 2008

Case No. CL07-1005

BY JUDGE FREDERICK H. CREEKMORE

The court previously heard arguments regarding the parties' cross-motions for summary judgment. After reviewing the arguments presented and the applicable Code sections and case law, the court stands ready to issue a decision.

The plaintiff, Virginia Property and Casualty Insurance Guaranty Association (the "Guaranty Association"), filed suit against the Chesapeake Hospital Authority (the "Authority") in order to recover funds the Guaranty Association paid out to cover claims unpaid by the Authority's insolvent insurer. It its Motion for Summary Judgment, the Guaranty Association requests the court enter an order (1) declaring that the Authority is a "person" as defined in Virginia Code § 38.2-1609(A)(2) and (2) ordering the Authority pay the Guaranty Association the amount of covered claims plus interest (pre and post) in an amount either agreed upon by the parties or as determined by the court. Defendant argues that, under the Virginia Code, they are not a person as defined in the statute and, therefore, do not have to repay the covered claims.

The Supreme Court of Virginia has "repeatedly held that summary judgment is a drastic remedy, available only where there are no material facts genuinely in dispute. It should not be used to short-circuit litigation by

deciding disputed facts without permitting the parties to reach a trial on the merits." *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609, 618 (2005). In this case, the parties have submitted joint stipulated facts with exhibits and there are no genuine issues of material fact.

The Hospital Authority obtained workers' compensation insurance from Reciprocal of America ("ROA") to cover its workers at the Hospital. Reciprocal of America became an "insolvent insurer" under the terms of Virginia Code § 38.2-1303. As a result, the Hospital Authority submitted covered claims to the Guaranty Association, which would have ordinarily been paid by ROA.

The purpose of the Guaranty Association is to "provide prompt payment of covered claims to reduce the financial loss to claimants or policy holders resulting from the insolvency of an insurer." Va. Code § 38.2-1600. The definitions section of the Property Association Act, Virginia Code § 38.2-1603, does not define "person;" however, the general definitions section for the title does. The Guaranty Association has the right to recover funds it pays out on behalf of "persons" for covered claims if, during the year prior to the insurer's insolvency, the insured has a net worth greater than $50 million.

Virginia Code § 38.2-1609(A)(1) states "The Association shall have no cause of action against the insured of the insolvent insurer for any sums it has paid out . . . except as proved in subdivision 2 of this subsection." Subdivision (A)(2) provides for a cause of action against the "following persons" and then enumerates two situations where "persons," as defined in Virginia Code § 38.2-100, may be sued for recovery. Specifically, under subsection (A)(2)(a), a right of action exists for "[a]ny insured." The language of the Code section indicates that the "insured" under subsection (a)(2)(a) is a specific type of "person" the Guaranty Association may sue under subsection (a)(2).

Therefore, in order for the Guaranty Association to succeed in its claims against the Authority, the Authority must be a "person" within the definition of § 38.2-100. The Authority relies on *City of Portsmouth v. Daniels*, 157 Va. 614, 162 S.E. 324 (1932), for the assertion that because the definition of "person" within the present statutory scheme did not expressly include "municipal corporations," the Authority should be exempt from the statute. In opposition, the Guaranty Association relies on *City of Virginia Beach v. Flippen*, 251 Va. 358, 467 S.E.2d 471 (1996), which seemingly holds the reverse, that a municipal corporation is both a governmental and a corporate entity simultaneously and unless the statute expressly excludes municipal corporations as a "person," it will fall under the general definition. *Id.* at 361, 467 S.E.2d at 473-74.

The Supreme Court of Virginia in *Daniels* opines "The general term 'any person' we do not think applies to municipal corporations and political subdivisions of the State." *Daniels*, 157 Va. at 618, 162 S.E. at 325. However, that statement does not control the case as the Court previously determined that "it was not necessary to consider the proper construction to be placed upon section 20(a) of the action" because it was clear that the plaintiff in the case was not covered by the Act. *Id.*

Sixty-four years later, the Court in *Flippen* noted that "[m]unicipal corporations have a dual identity, existing both as a body politic and a body corporate. In the latter identity, a municipal corporation may be a 'person' just as any corporation or other legal entity is a person." *Flippen*, 251 Va. at 473, 467 S.E.2d at 361. The Court then observes that, in certain cases, the General Assembly has specifically excluded municipal corporations and, in others, left no express definition of terms. It then cites the *Daniels* case as an example of when the Court was required to "infer the intent of our legislature from the language and the 'plain meaning of the words'." *Id.*

It is clear from the legislature's stated purpose in the opening section of the Act that the goal is to protect claimants as a priority. To that end and to recoup claims paid by the Guaranty Association, the Act allows for the Guaranty Association to collect funds paid out from a narrow group of insured persons. The definition of "person" reads "*any* . . . corporation." Va. Code § 38.2-100 (emphasis added). As a result and because this court is directed under Virginia Code § 38.2-1602 to liberally construe this Act to effect the purpose, this court finds that the definition of "person," as contemplated in the Act, does include municipal corporations. Additionally, because the Authority's charter grants it the right and power to sue and be sued, this court further finds that sovereign immunity does not apply. The court is further of the opinion that prejudgment interest should be awarded to the plaintiff at the rate of 6% *per annum* in accordance with Virginia Code § 8.01-382, commencing on January 15, 2007.